UNITED STATES of America,
Plaintiff—Appellee,

v.

James Edgar MUNSON, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Ronald Washington, Defendant—
Appellant.

Nos. 04–4288, 04–5015.

United States Court of Appeals,
Fourth Circuit.

Submitted: April 26, 2006.

Decided: May 17, 2006.

Reita P. Pendry, Charlotte, North Carolina; Christopher J. Moran, Columbia, South Carolina, for Appellants. Gretchen C.F. Shappert, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed in part, vacated in part, and remanded for resentencing by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Edgar Munson and Ronald Washington appeal their jury convictions for conspiracy to possess with intent to distribute 1000 kilograms of marijuana, five kilograms of cocaine, and fifty kilograms of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000), and conspiracy to launder money, in violation of 18 U.S.C. § 1956(b) (2000).

Munson and Washington contend several statements made during the Government's opening and closing statements referred to questionable evidence, relied on

evidence not presented to the jury and constituted impermissible vouching for the truthfulness of witness's testimony. After a close review of the record, we reject these claims. *See United States v. Golding*, 168 F.3d 700, 702 (4th Cir.1999) (holding defendant must show Government's remarks and conduct were improper and prejudice).

Munson and Washington also contend they were sentenced in violation of *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005). The Government agrees and asserts the sentences should be remanded to the district court. Munson did not raise this claim in the district court, so his claim is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. *Olano*, 507 U.S. at 731–32, 113 S.Ct. 1770. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736, 113 S.Ct. 1770 (internal quotation marks omitted). Washington did raise the claim below, so we review his claim de novo.

Under *Collins*, the jury must determine the specific amount of drugs attributable to each individual defendant for the purposes of setting a threshold drug quantity under § 841(b). *Collins*, 415 F.3d at 314. Individual members of a conspiracy should not be attributed the entire quantity of drugs distributed by the entire conspiracy. The parties agree that Munson and Washington were sentenced in violation of *Col-*

lins because they were both individually attributed the drug quantity for the entire conspiracy. Both the indictment and the verdict forms asked the jury to determine the amount of drugs attributable to the entire conspiracy, not each individual defendant. Accordingly, we find plain error occurred in Munson's sentencing that should be corrected and that Washington's sentence was also in error.

We affirm the convictions and remand for resentencing. We decline to address Appellants' remaining arguments concerning the calculation of the quantities of drugs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.*

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.*

---

* We grant Munson's motion to file a pro se supplemental brief and have considered the issues raised therein. We also grant Washington's motion to file a supplemental reply brief and have considered the supplemental reply brief as well.