**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4284

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES EDGAR MUNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (3:01-cr-00066-2)

Submitted:  September 29, 2008      Decided:  November 13, 2008

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Noell Tin, TIN FULTON GREENE & OWEN, PLLC, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal is before the court following vacation of James Edgar Munson's original sentence and remand to the district court for resentencing. On appeal, Munson argues that the eighty-seven-month sentence imposed on remand violates the Sixth Amendment; the district court clearly erred in calculating drug quantity; and the court improperly applied the appellate presumption of reasonableness to a sentence within the sentencing guidelines. We affirm.

Between 1997 and 1999, Munson was involved in a drug trafficking scheme transporting marijuana from California to the Charlotte, North Carolina area. A federal grand jury in Charlotte charged Munson and several codefendants with conspiring to distribute over 1000 kilograms of marijuana, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2008), and with conspiracy to launder money, in violation of 18 U.S.C.A. § 1956(h) (West Supp. 2008).[1]

Following a jury trial, Munson was convicted of both charges. The jury's verdict did not assign a drug amount attributable to Munson, but found beyond a reasonable doubt that the conspiracy as a whole involved at least 1000 kilograms of marijuana.

---

[1]The indictment also charged the defendants with conspiring to distribute cocaine and crack cocaine, but the court granted a motion of acquittal on the cocaine charges.

2

In the presence report ("PSR") prepared for sentencing, the probation officer determined that Munson was responsible for at least 1000 kilograms of marijuana, resulting in a base offense level (and with no adjustments, a total offense level) of thirty-two on the drug conspiracy count. See U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(4) (1998). On the money laundering conspiracy count, Munson's adjusted base level was twenty-six. USSG § 2S1.1. According to grouping rules, the higher offense level of thirty-two controlled. USSG § 3D1.3. This offense level, together with a criminal history category of I, yielded an advisory guidelines range of 121 to 151 months. USSG Ch. 5, Pt. A (sentencing table).

At sentencing, Munson objected to the drug quantity attributed to him. The district judge found that "abundant" evidence supported the determination that at least 1000 kilograms of marijuana was "reasonably foreseeable" and attributable to Munson. Munson was sentenced to concurrent 121-month terms.

Munson appealed, arguing that he was sentenced in violation of United States v. Collins, 415 F.3d 304, 311-15 (4th Cir. 2005), because the jury failed to determine the specific amount of drugs attributable to him for purposes of setting a threshold quantity under § 841(b). We agreed, vacated Munson's sentence, and remanded for resentencing, without addressing Munson's other arguments regarding the calculation of drug

3

quantity. See United States v. Munson, 181 F. App'x 368 (4th Cir. 2006) (Nos. 04-4288, 04-5015).

At resentencing, Munson argued that his sentence could not exceed sixty months, the statutory maximum penalty for the drug conspiracy count. See 21 U.S.C.A. § 841(b)(1)(D). The district court rejected Munson's argument, concluding that the guidelines range remained 121 to 151 months and the statutory maximum of 240 months for the money laundering count would allow imposition of a sentence within that range.[2]

Munson requested a variance sentence, and the district court granted the request. The court reduced Munson's offense level by three levels, resulting in a guidelines range of 87 to 108 months. The court sentenced Munson to eighty-seven months on the money laundering conspiracy count, the bottom of the recalculated range, and a concurrent term of sixty months on the drug conspiracy count.

As he argued below, Munson contends on appeal that his eighty-seven-month sentence exceeds the maximum punishment authorized by statute for his § 841 conviction and that the court improperly relied on judicial fact-finding to determine drug quantity and exceed the statutory maximum penalty. Munson's argument fails to recognize that he was sentenced for multiple

---

[2]The PSR prepared for Munson's initial sentencing was also used for his resentencing.

4

counts, each carrying a separate statutory maximum penalty. According to guidelines grouping rules, Munson's total offense level of thirty-two prevailed for both counts and resulted in a single guidelines range of 121 to 151 months. The imposition of Munson's sentence was governed by USSG § 5G1.2, which sets forth the procedure for sentencing on multiple counts of conviction. According to USSG § 5G1.2(b), "[e]xcept [in cases not applicable here], the sentence imposed on each other count shall be the total punishment" as determined in accordance with Part D of Chapter Three (grouping rules for offense level determination) and Part C of Chapter Five (Determining the Sentence). "If the sentence imposed on the count carrying the highest statutory maximum penalty is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." USSG § 5G1.2(c). The commentary to § 5G1.2 further explains:

> Usually, at least one of the counts will have a statutory maximum adequate to permit imposition of the total punishment as the sentence on that count. The sentence on each of the other counts will then be set at the lesser of the total punishment and the applicable statutory maximum, and be made to run concurrently with all or part of the longest sentence. If no count carries an adequate statutory maximum, consecutive sentences are to be imposed to the extent necessary to achieve the total punishment.

USSG § 5G1.2 cmt. Munson was sentenced in accordance with this provision. The total punishment (eighty-seven months) was imposed on the money laundering conspiracy count, which carried the higher

statutory maximum of twenty years (240 months). On the drug conspiracy count, the court imposed the statutory maximum term (sixty months), to run concurrently.

Munson's reliance on <u>Cunningham v. California</u>, 549 U.S. 270 (2007), is likewise unavailing. In <u>Cunningham</u>, the Court applied "<u>Apprendi</u>'s bright-line rule: Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" <u>Cunningham</u>, 549 U.S. at __, 127 S. Ct. at 868 (quoting <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000)). Here, the district court's determination regarding drug quantity did not increase Munson's sentence above the statutory maximum. Thus, no Sixth Amendment violation occurred.

Alternatively, Munson contends that the district court clearly erred in determining that at least 1000 kilograms of marijuana was attributable to him. This court reviews drug quantity determinations for clear error. <u>United States v. Fullilove</u>, 388 F.3d 104, 106 (4th Cir. 2004). This deferential standard of review requires reversal only if this court, upon reviewing the record as a whole, "is left with the definite and firm conviction that a mistake has been committed." <u>Easley v. Cromartie</u>, 532 U.S. 234, 242 (2001) (internal quotation marks and citation omitted).

Munson contends that he was responsible for only 1235 pounds (560.196 kilograms) of marijuana. Munson's argument, raised in detail at his resentencing hearing, hinges on his interpretation of a Government exhibit detailing Western Union wire transfers. He claims that certain transactions in this exhibit should have been deducted from the total dollar amount, and he divides the reduced dollar amount by an average price per pound.[3]

We conclude the district court did not clearly err in attributing at least 1000 kilograms of marijuana to Munson. Munson's own testimony is the primary evidence supporting his interpretation of the document and his attack on a single exhibit ignores all the other sources of information. As the district court concluded at the first sentencing hearing, there was "abundant" evidence that over 1000 kilograms of marijuana was reasonably foreseeable.

Moreover, as the Government points out, any error is harmless. Using Munson's quantity calculation of 560 kilograms results in an offense level of twenty-eight under the 1998 version of the guidelines used in this case, and an advisory guidelines range of seventy-eight to ninety-seven months. Munson's eighty-seven-month sentence is solidly within that range.[4]

---

[3]Munson uses a higher average price per pound than that used by the Government's expert.

[4]Munson does not suggest that, because the court granted a variance, it is likely that his sentence would have been even lower

7

Finally, Munson contends that the district court applied the guidelines in a mandatory fashion because in its discussion of the sentencing factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), the court referred to the "reasonableness inherent in the guideline calculation." This argument wholly removes this statement from its context as part of the court's consideration and imposition of a variance sentence. The record simply provides no support for the assertion that the court improperly treated the guidelines as presumptively reasonable. See Rita v. United States, 127 S. Ct. 2456, 2465 (2007) ("[T]he sentencing court does not enjoy the benefit of a legal presumption that the [g]uidelines sentence should apply.").

Accordingly, we affirm Munson's sentence. We deny Munson's pending motions to expedite, for bail pending appeal, and to strike portions of the Government's brief, but we grant Munson's motion to file a pro se supplemental brief.[5] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

if the court had accepted his calculation and based its guidelines calculation on his lower drug quantity figure. In any event, the district court's remarks at sentencing weigh against such an argument.

[5]We have considered the issues Munson raises therein, and find them to be without merit.